IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

   vs.                                Criminal Action 2:08-CR-72
                                           Judge Marbley

**TRACI L. BIRCHFIELD,**

        Defendant.

## REPORT AND RECOMMENDATION

      Traci L. Birchfield is charged in a four count indictment with violating the drug and guns laws of the United States.  In a plea agreement filed on June 2, 2008, defendant proposed to plead guilty to Count 2 of the indictment, which charges that defendant, a convicted felon, possessed a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2), and to Count 4 of the indictment, which charges the unlawful possession of more than 5 grams of cocaine base in violation of 21 U.S.C. §841(a)(1), (b)(1)(B)(iii) and 18 U.S.C. §2.  On June 20, 2008, defendant, accompanied by her counsel, appeared for a change of plea proceeding.  Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a magistrate judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

      During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty pleas, defendant was in full possession of her

faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's pleas, the undersigned addressed her personally and in open court and determined her competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges returned in the Indictment and to which she pled guilty, as well as the consequences of her pleas. Defendant was also addressed personally and in open court and was advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary. Defendant acknowledged that the plea agreement signed by her, her attorney and the attorney for the United States and filed on June 2, 2008, represents the only promises made to her by anyone regarding the charges to which she pled guilty. Defendant was advised that the district judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw her guilty pleas.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charges. She confirmed that she is pleading guilty to counts two and four of the indictment because she is in fact guilty of the offenses charged in those counts. The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to counts two and four of the indictment are knowingly and voluntarily made with the understanding of the nature and meaning of the charges and of the consequences of her pleas.

It is therefore **RECOMMENDED** that defendant's guilty pleas to counts two and four of the indictment be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the

District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information and her attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 24, 2008                                *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge